J-S63025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NGUYEN  VU | : | |
| | : | |
| Appellant | : | No. 3326 EDA 2018 |

Appeal from the PCRA Order Entered October 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009321-2007

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 10, 2019**

Nguyen Vu (Appellant) appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case:

On March 7, 2008, following a bench trial, [the trial] court found [Appellant] guilty of aggravated assault and related offenses.  On April 24, 2008, he was sentenced [to] an aggregate term of 10 to 20 years incarceration.  Following the July 29, 2008 denial of his post-sentence motion, [Appellant] timely filed a notice of appeal on August 1, 2008.  On November 10, 2009, the Superior Court affirmed the judgment of sentence, and on May 5, 2010, the Supreme Court denied his petition for allowance of appeal. [Appellant] filed a petition under the Post Conviction Relief Act (PCRA) on April 15, 2011.  The petition was formally dismissed on June 1, 2012.  On October 30, 2013, the Superior Court affirmed the dismissal of the petition, and on July 28, 2014, the Supreme Court denied allowance of appeal.  The Supreme Court of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

United States denied [Appellant's] petition for writ of certiorari on December 15, 2014. [Appellant] filed the instant PCRA petition on January 31, 2018. [The PCRA] court issued a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on September 7, 2018. The petition was formally dismissed on October 15, 2018. [Appellant] filed a notice of appeal to the Superior Court on November 13, 2018. On December 5, 2018, [Appellant] filed a statement of matters complained of on appeal.

PCRA Court Opinion, 1/16/19, at 1.

On appeal, Appellant raises 12 issues for our review. To summarize, Appellant raises claims of prosecutorial interference, judicial misconduct and ineffective assistance of trial and appellate counsel. *See* Appellant's Brief at 2-3.

Preliminarily, in reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. ***See Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. ***Id.*** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***See Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Further, Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within

one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[1] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."

---

[1] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Section 3 of Act 2018 provides that the amendment to subsection (b)(2) "shall apply only to claims arising one year before the effective date . . . or thereafter." *Id.* This change does not impact Appellant or our analysis.

*Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Here, the trial court entered Appellant's judgment of sentence on April 24, 2008. Appellant filed a post-sentence motion, which the trial court denied, and an appeal to the Superior Court. This Court affirmed Appellant's judgment of sentence on November 10, 2009. *See Commonwealth v. Vu*, 2307 EDA 2008 (Pa. Super. Nov. 10, 2009) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on May 5, 2010. Appellant did not seek review with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final 90 days from May 5, 2010, or August 3, 2010. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13.

Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of his judgment of sentence becoming final – or August 3, 2011. Appellant did not file the instant petition, his second, until January 31, 2018. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468.

Appellant argues that he satisfied the newly-discovered fact exception under Section 9545(b)(1)(ii),[2] and therefore, the PCRA court has jurisdiction over the merits of his petition. In order to qualify for this exception, a petitioner must establish that (1) he did not know the facts upon which he based his petition, and (2) he could not have learned those facts earlier with the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). To qualify as a new fact, "the information may not be part of the public record." *Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013) (citation omitted). In addition, the item must "not merely [be] a newly-discovered or newly willing source for previously known facts." *Id.* Furthermore, the Pennsylvania Supreme Court has explained that "[d]ue diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016).

_____

[2] Appellant also argues that he satisfies the government interference exception to the time-bar. This argument, however, was not raised in the PCRA petition; Appellant raised it for the first time in his appellate brief filed in this Court. The PCRA requires a petitioner to raise an exception in the petition. *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (stating that the defendant "was required to plead the cognizability of his petition in the petition itself"); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i) (providing that any petition shall be filed within one year of the date the judgment becomes final "unless the petition alleges and the petition proves that" one of the enumerated exceptions to the PCRA time-bar applies). Further, Appellant was not granted leave to amend his petition to include additional exceptions to the PCRA time-bar. Accordingly, we decline to address this argument.

Appellant avers that "in *[h]abeas [c]orpus* proceeding at the Federal District Court, [the district attorney's office] hid exculpatory evidence to Appellant. . . and lied in their [r]esponse." Appellant's Brief at 8. Appellant's argument is based on alleged inconsistencies in the version of the facts the complainant told authorities during the initial investigation, the testimony at the preliminary hearing, and the testimony at trial. Appellant contends that the district attorney's office was in possession of documents that would have shown that the complainant "repeatedly [gave] false statements to the police, detectives; testified at the preliminary hearing and trial." *Id.* at 9. The documents Appellant references in support of his claim include:

> (1) complaint or incident report; (2) [the complainant's] investigation interview record; (3) affidavit of probable cause; (4) notes of testimony at the preliminary hearing; (5) motion for discovery; (6) color photographs of [complainant's] vehicle; (7) information concerning [complainant's] 9-mm handgun; (8) copy of [complainant's] Montgomery County gun permit; (9) Defense expert's accident reconstruction report; (10) Commonwealth expert's accident reconstruction report; (11) notes of testimony at trial on 3/6/08, on 3/7/08, and at sentencing on 4/24/08; and (12) [complainant's] emailed victim impact statement read into the record at sentencing on 4/24/08.

Appellant's Brief at 8 (citations omitted). Appellant posits that the district attorney's office hid these exculpatory documents from Appellant.

Appellant fails to satisfy the newly-discovered fact exception for two reasons. First, Appellant raised this same claim on direct appeal challenging the weight of the evidence for his convictions. *See Commonwealth v. Vu*, 2307 EDA 2008 (Pa. Super. Nov. 10, 2009) (summarizing Appellant's weight

claim as based on inconsistencies in facts the complainant told authorities during the investigation, trial, and sentencing). We cannot conclude that the same facts now incorporated in Appellant's second PCRA petition constitute "newly discovered facts" qualifying as an exception to the PCRA time-bar. Second, the information Appellant cites in support of his claim was available to Appellant and could have been obtained by due diligence. Appellant acknowledged that much of the information was testimony from his bench trial or read into the record during sentencing. Thus, the alleged exculpatory evidence Appellant relies upon at this juncture has been available to him and his prior counsel since 2008, when Appellant was tried, convicted and sentenced. Appellant could have obtained the documents and information relating to any prosecutorial interference by exercising due diligence at that time. He did not. Accordingly, Appellant has not shown that he acted with due diligence.

It is irrelevant that Appellant's petition for rehearing on his writ of certiorari was not denied until December 4, 2017, and his PCRA petition was filed January 31, 2018. As the PCRA court recognized, "[e]ven assuming, *arguendo*, that [Appellant] did discover new evidence during his habeas proceedings, he received that information in the Commonwealth's response filed February 3, 2015, and did not file his petition within 60 days." PCRA Court Opinion, 1/16/19, at 3 (citing **Commonwealth v. Jones**, 54 A.3d 14, 18 (Pa. 2012) (holding that a PCRA petition based on information discovered during habeas proceedings must be filed within 60 days of receipt of that

information)).  As a result, Appellant's petition was untimely and properly dismissed as such by the PCRA court.

In sum, the information upon which Appellant relies to qualify for the newly discovered fact exception was known or knowable well before Appellant filed his PCRA petition, and does not meet the requirement prescribed in Section 9545(b)(1)(ii).  Because Appellant's petition is untimely and not subject to a statutory exception to the PCRA's time bar, the PCRA court lacked jurisdiction.  We therefore affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/10/19</u>